IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-02732-RBJ-KLM

MATTHEW MOUNTS,

     Plaintiff,

v.

RICK RAEMISCH, Executive Director CDOC,
ANGEL MEDINA, Warden Canon Minimum Centers, AND
RANDY OLGUIN, Lt., Volunteer Services,

     Defendants.

---

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on (1) defendants' motion for summary judgment, ECF

No. 60; (2) the recommendation of United State Magistrate Judge Kristin L. Mix that the motion

be granted in part and denied in part, ECF No. 86; (3) defendant's objection to that

recommendation, ECF No. 87; and (4) plaintiff's objection to that recommendation, ECF No. 90.

The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R.

Civ. P. 72(b). I adopt Magistrate Judge Mix's recommendation in full. The motion for summary

judgment is therefore granted in part and denied in part.

## FACTS

Plaintiff Matthew K. Mounts is an inmate incarcerated by the Colorado Department of

Corrections ("CDOC") at Arrowhead Correctional Center ("Arrowhead"). He filed an amended

complaint on January 12, 2017 based on the denial of several requests related to his Jewish faith.

Mr. Mounts asserts four claims in his amended complaint: (1) that Arrowhead denied him the

ability to light candles at the correct times on Friday and Saturday nights; (2) that Arrowhead denied him the ability to light burning wax candles as opposed to battery-operated tea lights; (3) that Arrowhead denied him several religious items, including a fedora, a gartel, challah bread, dreidels, and access to tefillin in his cell; and (4) that Arrowhead denied him access to religious services for two months. ECF No. 12 at 4–7. He seeks injunctive relief, $10,000 in compensatory damages, and $10,000,000 in punitive damages. ECF No. 12 at 9.

Mr. Mounts did not specify which legal claims he asserts regarding each of these factual claims, but his pleadings reference the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Magistrate Judge Mix liberally construed his pleadings due to his *pro se* status. I agree with Magistrate Judge Mix's interpretation that Mr. Mounts asserts claims under both the First Amendment and RLUIPA for all four of his factual claims, plus a Fourteenth Amendment claim for denial of religious services.

Defendants filed the pending motion for summary judgment to dismiss all of Mr. Mounts' claims. ECF No. 60. Defendants argue that (1) the Eleventh Amendment precludes damages against defendants in their official capacities; (2) qualified immunity precludes damages against defendants in their individual capacities; (3) RLUIPA does not provide for damages; (4) the Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e(a), precludes compensatory damages because Mr. Mounts did not suffer physical injury; (5) Mr. Mounts does not make a case for punitive damages; (6) several of Mr. Mounts' claims for injunctive relief are moot because Arrowhead agreed to accommodate them; (7) Mr. Mounts did not exhaust his administrative remedies regarding his claim for denial of challah; (8) defendants' conduct does not amount to a substantial burden on Mr. Mounts' religion; and (9) to the extent that their

conduct does amount to a substantial burden, defendants have legitimate penological security interests for the infringement. ECF No. 60 at 2.

Magistrate Judge Mix reviewed the motion and recommended that it be granted in part and denied in part. ECF No. 86. She recommended granting summary judgment on all except for these three claims: (1) Mr. Mounts' Fourteenth Amendment due process claim for damages against Defendant Olguin in his individual capacity for denial of religious services; (2) Mr. Mounts' RLUIPA claim for injunctive relief against defendants in their official capacities regarding wax candles; and (3) Mr. Mounts' First Amendment claim for injunctive relief against defendants in their official capacities regarding wax candles. In response defendants filed a motion requesting that this Court extend the long-tolled dispositive motions deadline so that they could submit an additional summary judgment motion. ECF No. 87. They claimed that "[t]he inherent ambiguities in Mr. Mounts' *pro se* Amended Prisoner Complaint led Defendants to construe some of Mr. Mounts' claims differently than the Magistrate Judge." ECF No. 87 at 3. This Court denied defendants' motion, treating it instead as a timely objection to Magistrate Judge Mix's recommendation. ECF No. 88. As interpreted, defendants make three timely objections. They object to Magistrate Judge Mix's conclusions regarding (1) the Fourteenth Amendment due process claim for denial of religious services; (2) the RLUIPA claim for the wax candles; and (3) the First Amendment claim for the wax candles. ECF No. 87 at 4–7.

Mr. Mounts also makes five timely objections. ECF No. 90. He objects to Magistrate Judge Mix's conclusions regarding the claims for (1) denial of religious services; (2) denial of a fedora; (3) denial of a gartel; (4) denial of correct candle-lighting service times; and (5) denial of challah bread.

## STANDARD OF REVIEW

### A. __Magistrate Judge recommendation__

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Legal theories raised for the first time in objections to a magistrate judge's recommendation are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2011).

### B. __Motion for Summary Judgment__

A court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  The court will examine the factual record and make reasonable inferences in the light most favorable to the party opposing summary judgment.  *See Concrete Works of Colo., Inc. v. City and Cty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

### C. *Pro se* Litigants

When a case involves *pro se* litigants, courts will review their "pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A "broad reading" of a *pro se* plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id*.  *Pro se* parties must "follow the same rules of procedure that govern other litigants."  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted).

### ANALYSIS

I address each of Mr. Mounts' five objections and defendants' three objections under a de novo standard of review.

I review the remaining claims objected to by neither party under a clear error standard. *See* Fed. R. Civ. P. 72 advisory committee's note.  Based on that review, I conclude that Magistrate Judge Mix's analyses and recommendations regarding those claims are correct and that "there is no clear error on the face of the record."  *Id*.

### A. **Plaintiff's Objections**

    1. Denial of Religious Services in Violation of the First Amendment

First, Mr. Mounts disagrees with Magistrate Judge Mix's recommendations regarding denial of religious services. Because Mr. Mounts' objection is ambiguous, in the interest of fairness and finality I will address both the official capacity claim and the individual capacity claim de novo.

    a. Official Capacity

I agree with Magistrate Judge Mix's finding that the Eleventh Amendment bars Mr. Mounts' claim against defendants in their official capacities for denial of religious services. It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989), and that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state," *Hunt v. Bennett,* 17 F.3d 1263, 1267 (10th Cir. 1994). Here, to the extent that Mr. Mounts is suing defendants in their role as public officials—i.e. in their official capacities—his claim is barred.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' First Amendment claim for damages against defendants in their official capacities for denial of religious services. The claim is dismissed without prejudice. *See Wauford v. Richardson*, 450 F. App'x 698, 699 (stating that claims barred by the Eleventh Amendment should be dismissed without prejudice).

b. <u>Individual Capacity</u>

I also agree with Magistrate Judge Mix's finding that defendants are entitled to qualified immunity with respect to Mr. Mounts' claim against them in their individual capacities for denial of religious services. A plaintiff must satisfy a two-part test to overcome a defendant's claim of qualified immunity. *See Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). The plaintiff must establish both that (1) the defendants' actions violated a constitutional right and (2) the right at issue was clearly established at the time of the alleged unlawful conduct. *See id*. Courts may exercise their discretion in deciding which of these two prongs to address first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, "it is plain that [the alleged] constitutional right is not clearly established." *See Pearson*, 555 U.S. at 236. The alleged conduct at issue here is nuanced. Defendants assert that they banned Mr. Mounts from the programs area for two instances of alleged theft therefrom. ECF No. 60 at 5–6. The programs area is also the area used for Jewish services, and defendants could not find an alternative place to conduct services. *Id*. As such, the ban from the programs area incidentally resulted in a ban from religious services. *Id*. The ban was temporary (sixty days), and Mr. Mounts was allowed to conduct services alone in his cell. *Id*. at 6. Consistent with Magistrate Judge Mix's recommendation, I found no Supreme Court, Tenth Circuit, or any other circuit court cases that indicate that defendants' conduct violates a clearly established First Amendment right.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' First Amendment claim against defendants in their individual capacities for damages for denial of religious services. The claim is dismissed

with prejudice.  *See Clark v. Wilson*, 625 F.3d 686, 692 (instructing the district court to grant defendants' motion to dismiss based on qualified immunity "with prejudice").

<blockquote>2.  <u>Denial of a Fedora in Violation of RLUIPA and the First Amendment</u></blockquote>

Second, Mr. Mounts objects to Magistrate Judge Mix's conclusion regarding the fedora. Based on the context of Mr. Mounts' argument, I interpret his objection as aimed at both the RLUIPA claim and the First Amendment claim for injunctive relief against defendants in their official capacities.  I review both de novo.

<blockquote>a.  <u>RLUIPA</u></blockquote>

I agree with Magistrate Judge Mix's recommendation regarding the RLUIPA claim for denial of the fedora.  To proceed under RLUIPA, a prisoner-plaintiff "must allege sufficient facts plausibly showing that he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, and that such exercise (3) is subject to a substantial burden imposed by the government."  *Id*. (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1313 (10th Cir. 2010) (internal quotations omitted)).  The burden then shifts to the government to show that the policy "furthers a compelling governmental interest and it is the least restrictive means of furthering that interest."  *Robertson v. McCullough*, 739 F. App'x 932, 936 (10th Cir. 2018) (citing 42 U.S.C. § 2000cc-1).

First, Magistrate Judge Mix found that denial of Mr. Mounts' request for a fedora constitutes a substantial burden on his sincerely held religious belief.  A substantial burden under RLUIPA must be "more than an inconvenience to one's religious practice."  *Abdulhaseeb*, 600 F.3d at 1316.  A religious practice includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  *Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007) (quoting 42 U.S.C. § 2000cc-5(7)(A)).  Defendants argue that Arrowhead "is not

substantially burdening [Mr. Mounts'] religion by denying his preferences, because he is still able to practice his religion in many other ways." ECF No. 60 at 6. But the Supreme Court has expressly rejected such a misunderstanding of the RLUIPA analysis. *See Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015). RLUIPA "asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.* (holding that the availability of alternative means of religious exercise is irrelevant to the RLUIPA analysis). I agree with Magistrate Judge Mix that Mr. Mounts has presented sufficient evidence to show that the denial of a fedora substantially burdens his religious beliefs under RLUIPA.

Second, Magistrate Judge Mix found that defendants have shown that denial of Mr. Mounts' request for a fedora furthers a compelling government interest. A defendant must demonstrate that the government interest is furthered by "application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened.'" *Holt*, 135 S. Ct. at 863 (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014)). Here, defendants have presented substantial evidence that inmate uniformity and careful monitoring of special items is important to prison security. They cite many reasons: identification of inmates in contrast to staff and volunteers; prevention of violence, theft, and extortion; prevention of the appearance of preferential treatment; and prevention of using unique items to establish affiliation with gangs or security threat groups. ECF No. 60-2 at 3–6. Mr. Mounts claimed that defendants' assertions of security were "specious" because CDOC allows similar head coverings for those with other religious beliefs. ECF No. 63 at 3. Defendants responded that Mr. Mounts' request "to wear a religious item that is unique even to the items worn by other Jewish inmates" would "create[] a serious security risk." ECF No. 70 at 2. Thus

defendants have sufficiently refuted Mr. Mounts' request that his fedora "be allowed to be worn at all times in all places within CDOC." ECF No. 12 at 9. I agree with Magistrate Judge Mix that denying Mr. Mounts the ability to wear a unique religious item "at all times in all places" furthers a compelling governmental security interest.

Finally, I also agree with Magistrate Judge Mix's conclusion that the government has met its burden in showing that denying Mr. Mounts the ability to wear a fedora "at all times in all places" is the least restrictive means of furthering that security interest. Magistrate Judge Mix correctly noted that the government need only "refute the alternative schemes *offered by the challenger*." *United States v. Wilgus*, 638 F.3d 1274, 1289 (10th Cir. 2011) (emphasis added). Mr. Mounts never proffered an alternative scheme, such as wearing a fedora only in his cell or only during services. This, as Magistrate Judge Mix held, is fatal to Mr. Mounts' claim.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' RLUIPA claim for injunctive relief for denial of a fedora.

b. First Amendment

I agree with Magistrate Judge Mix that under the stricter First Amendment standard, Mr. Mounts has not provided sufficient evidence to preclude summary judgment. In order to establish that a defendant violated the right to exercise under the First Amendment, a prisoner-plaintiff must satisfy a two-part test. *See Kay*, 500 F.3d at 1218. First, plaintiff must show that a sincerely-held religious belief has been substantially burdened. *Id*. This is a more stringent standard than substantial burden under RLUIPA. *See Abdulhaseeb*, 600 F.3d at 1314. A substantial burden under the First Amendment is one that "(1) significantly inhibits or constrains a plaintiff's religious conduct or expression, (2) meaningfully curtails a plaintiff's ability to

express adherence to his faith, or (3) denies the plaintiff reasonable opportunity to engage in fundamental religious activities." *Mares v. LePage*, No. 16-cv-03082-RBJ-NYW, 2018 WL 1312814, at *3 (D. Colo. Mar. 13, 2018). For example, in *Mares v. LePage*, the court found that plaintiff had failed to show a substantial burden because he had merely "provided a list of items that he felt were wrongfully denied him in violation of his religious beliefs" and "failed to take the extra step of explaining why or how these denials substantially burdened his ability to practice his Jewish faith." *Id.* If a plaintiff shows sufficient evidence of a substantial burden, the government must "identify the legitimate penological interests that justified the impinging conduct." *Kay*, 500 F.3d at 1218–19 (quoting *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)) (internal quotations and alterations omitted). The government must then use the balancing factors set forth under *Turner v. Safley*, 482 U.S. 78, 89–91, to determine the reasonableness of the regulation. *Id.*

Here, Magistrate Judge Mix found that Mr. Mounts failed to establish a substantial burden. As in *Mares*, Mr. Mounts asserted that he had been denied a fedora but did not describe the importance of a fedora to Judaism as a religion, or why its denial substantially burdened those beliefs. His amended complaint stated merely that a fedora is "a typical hat worn over the Yarmulke to show unity of the Hasidim." ECF No. 12 at 6. His subsequent pleadings argued only against defendants' assertions that unique items create a security risk. His objection, similar to his amended complaint, merely reiterates that a fedora "is a traditional item . . . passed down by family, tribe, [or] Rabbi." ECF No. 90 at 4. Mr. Mounts makes no allegations "as to whether and how the inability to [wear a fedora] impacts his ability to worship." *Mares*, 2018 WL 1312814, at *3.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' First Amendment claim for injunctive relief against defendants in their official capacities for denial of a fedora.

        3.   <u>Denial of a Gartel</u>

Third, Mr. Mounts objects to Magistrate Judge Mix's recommendation that his claim for denial of a gartel is moot. A case may be constitutionally moot or prudentially moot. *See Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 568 (10th Cir. 2015) ("A case is [constitutionally] moot . . . where the relief sought can no longer be given or is no longer needed."); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210–11 (10th Cir. 2012) (noting that prudential mootness can arise when "the lawsuit might once have had practical importance, [but] given the assurances of relief from some other department of government it doesn't any longer").

I agree with Magistrate Judge Mix that Mr. Mounts' claim for denial of a gartel is prudentially moot. Defendants stated in their motion for summary judgment that they decided to provide Mr. Mounts "a basic string-type gartel . . . similar to a shoestring." ECF No. 60-5 at 4. Mr. Mounts is dissatisfied with this gartel, describing it as "not proper" because it is a single cord rather than "4 to 40 separate cords." ECF No. 63 at 2. Yet Magistrate Judge Mix found no evidentiary support for the claim that a single cord is an improper gartel. Mr. Mounts' objection contains only further conclusory statements that he is "not comfortable with CDOC's position that a long shoestring is 'good enough.'" ECF No. 90 at 4. I agree with Magistrate Judge Mix's recommendation that there is no genuine issue of material fact regarding the sufficiency of the provided gartel.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant defendants' motion for summary judgment related to Mr. Mounts' claim for denial of a gartel. The claim is dismissed without prejudice. *See, e.g.*, *Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) (stating that dismissal due to mootness must be without prejudice).

### 4. Denial of Correct Candle-Lighting Service Times

Fourth, Mr. Mounts objects to Magistrate Judge Mix's finding that defendants are entitled to qualified immunity on Mr. Mounts' claim regarding correct candle-lighting service times. Specifically, Mr. Mounts objects to Magistrate Judge Mix's finding regarding "whether or not CDOC was truly on notice." I interpret this as an objection to a finding of qualified immunity. Magistrate Judge Mix addressed qualified immunity for denial of service times only in the context of the First Amendment claim for damages against defendants in their individual capacities. Thus I interpret Mr. Mounts' objection as aimed at this claim specifically.

As described above, when qualified immunity is asserted by a defendant, a plaintiff must satisfy the burden of showing (1) that the defendant violated a constitutional right and (2) that this constitutional right was clearly established at the time of the violation. *See Nelson*, 207 F.3d at 1206; *see also Pearson*, 555 U.S. at 236 (holding that courts may discretionarily choose which prong to address first). The purpose of this inquiry is to "ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The right at issue is Mr. Mounts' right to correct candle-lighting services times throughout the year. Mr. Mounts claims that the correct candle-lighting service times, which vary according to the sunset, span a broader range than Arrowhead currently provides. ECF No. 12 at 4. To show that this right was "clearly established," Mr. Mounts must either identify an on-point Supreme Court or Tenth Circuit decision establishing the right or show that "the clearly

established weight of authority from other courts . . . have found the law to be as he maintains." *A.M. v. Holmes*, 830 F.3d 1123, 1135 (10th Cir. 2016) (internal quotation marks and alterations omitted). District court opinions are not sufficient to show that a right is clearly established. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741–42 (2011). Yet Mr. Mounts reiterates in his objection that defendants were "on notice" because of a terminated district court order from a prior case involving the same parties. ECF No. 90 at 5. That court order had directed defendants to commence Friday candle-lighting services "not more than one hour before sunset." ECF No. 70-2 at 1. It was terminated in 2012 because the CDOC passed new regulations that adequately protected the religious rights of Jewish prisoners, including provision for candle-lighting services to begin no more than one hour before sunset. *Id*. at 4. Even if the order had not been terminated, however, it would still be insufficient to show that the right was clearly established. I find no case law from any circuit that considers whether a district court order from a prior case involving the same parties can clearly establish a right, much less whether a now-terminated court order can do so. Rather, I conclude that a right that has only been established in a single court order cannot be said to be clearly established for the purpose of qualified immunity, even if it involved the same parties. The prior court order here does not clearly establish a constitutional right to light candles at the correct times.

Nor is defendants' conduct so egregious that this Court will find that defendants were on notice despite the lack of specific precedent. It is true that for the purpose of qualified immunity, "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Holmes*, 830 F.3d at 1135 (quoting *Hope*, 536 U.S. at 741) (internal quotations omitted). In such novel factual circumstances, the Tenth Circuit uses a sliding scale to determine whether specific, on-point precedent is required. *See Casey v. City of Fed. Heights*, 509 F.3d

1278, 1284 (10th Cir. 2007) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004)).

"The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Id.* (internal quotations omitted). Thus, "[a]lthough a plaintiff need not identify a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate." *Ali v. Duboise*, 763 F. App'x 645, 649–50 (10th Cir. 2019). Here, like Magistrate Judge Mix, I find no Supreme Court, Tenth Circuit, or other circuit court opinions that indicate that a prison's failure to consistently provide for correct candle-lighting times is egregious in light of prevailing First Amendment free-exercise norms.

Mr. Mounts' constitutional right to correct candle-lighting times is not clearly established, and thus defendants are entitled to qualified immunity. Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' First Amendment claim for damages for denial of correct service times. The claim is dismissed with prejudice. *See Clark*, 625 F.3d at 692.

### 5. Denial of Challah Bread

Finally, Mr. Mounts appears to object to Magistrate Judge Mix's findings related to denial of challah bread. The objection is unresponsive to the relevant issue in Magistrate Judge Mix recommendation, namely, whether Mr. Mounts properly exhausted his administrative remedies. Mr. Mounts instead objects to defendants' claims that the kosher food is cost-prohibitive. However, in the interest of fairness and finality I will review de novo.

I agree that Mr. Mounts has not properly exhausted his administrative remedies regarding denial of challah bread. Defendants properly raised the affirmative defense of failure to exhaust administrative remedies in their motion to dismiss. ECF No. 60 at 14–15; *see also Jones v.*

*Bock*, 549 U.S. 199, 216 (2007) (finding that the burden is on defendants to raise failure to exhaust administrative remedies as an affirmative defense in a motion for summary judgment). The PLRA, § 1997e(a), mandates administrative exhaustion for "all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Prison facilities must provide their own grievance procedures. *See Jones*, 549 U.S. at 218. If prison officials "prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy," a court will excuse the prisoner's failure to exhaust. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citing *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (en banc)). However, the prisoner must provide some evidence that prison officials interfered; "bald allegations cannot preclude summary judgment." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

Here, Mr. Mounts acknowledged in his response to defendants' motion that he did not properly exhaust administrative procedures. ECF No. 63 at 3. Indeed, defendants attached fifty-nine pages of Mr. Mounts' grievances and CDOC's responses to prove that he had not properly grieved the denial of challah. ECF No. 60 at 6; ECF No. 60-8. Mr. Mounts claimed, however, that Arrowhead had prevented him from filing additional grievances because he had filed too many. ECF No. 63 at 3. Yet he put forth no evidence to support this allegation. Mr. Mounts has provided only conclusory assertions that Arrowhead prevented him from exhausting his administrative remedies. This is insufficient to preclude summary judgment. *See Fields*, 511 F.3d at 1112.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' claim for denial of challah bread. The claim is dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165, 2008 WL 1773866, at *1

n.1 (D. Kan. Apr. 16, 2008) (citing *Fields*, 511 F.3d at 1113) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

**B. <u>Defendants' Objections</u>**

      1. <u>Denial of Religious Services in Violation of the Fourteenth Amendment</u>

Defendants first object—constructively, in their motion to amend—to Magistrate Judge Mix's findings regarding Mr. Mounts' Fourteenth Amendment due process claim.

I agree with Magistrate Judge Mix that Mr. Mounts stated a Fourteenth Amendment due process claim for denial of religious services in his pleadings. Courts must liberally construe the pleadings of *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, Mr. Mounts' fourth claim can reasonably be read to state a valid Fourteenth Amendment due process claim. ECF No. 12 at 7 ("Lt. Olguin denied the plaintiff [any] services for two months in violation of CDOC Administrative Regulation (AR 150-01) as well as in violation of the plaintiffs [sic] rights."). Mr. Mounts also expressly cited the Fourteenth Amendment in the jurisdictional section of his amended complaint, ECF No. 12 at 2, and expressly cited due process in his response to defendants' motion for summary judgment, ECF No. 63 at 3 (alleging that "there was no due process hearing" preceding his alleged two-month denial of religious services). As clarified by his objection, I interpret Mr. Mounts' argument on this claim as boiling down to this: CDOC AR 150-01 provides exclusive, mandatory prohibitions and punishments for CDOC inmates; the temporary denial of religious services is not a sanction

included therein; and therefore the temporary denial of religious services without further hearing is a due process violation.

I also agree with Magistrate Judge Mix that defendants failed to adequately address Mr. Mounts' Fourteenth Amendment claim in their motion for summary judgment. Defendants mentioned the Fourteenth Amendment only once, and only in a heading. ECF No. 60 at 10 ("The CDOC's denial of remaining provisions do not constitute violations of the First Amendment, RLUIPA, or the Fourteenth Amendment."). Despite this apparent acknowledgement of Mr. Mounts' Fourteenth Amendment claim, defendants do not otherwise discuss it. Defendants attribute this oversight to misinterpretation of Mr. Mounts' "inherent[ly] ambigu[os]" amended complaint. ECF No. 87 at 3. But I found that the ambiguity and resultant misinterpretation were insufficient to allow defendants to submit an additional motion for summary judgment past the dispositive motions deadline. ECF No. 88.

Nor does the PLRA preclude damages for this claim. Defendants cited generally to the PLRA in their motion for summary judgment to show that Mr. Mounts was not entitled to compensatory damages. ECF No. 60 at 9. Defendants asserted that the PLRA precludes compensatory damages without a prior showing of physical injury. *Id.* (citing *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803 (10th Cir. 1999); *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001)). But the Tenth Circuit has held that PLRA "does not require a prior showing of physical injury for nominal or punitive damages based on violations of a prisoner's constitutional rights." *Searles*, 251 F.3d at 879.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and deny the motion for summary judgment related to Mr. Mounts' Fourteenth Amendment claim for denial of religious services.

## 2. Denial of Wax Candles and Correct Service Times in Violation of RLUIPA

I agree with Magistrate Judge Mix's finding regarding Mr. Mounts' RLUIPA claim for denial of wax candles. Under RLUIPA, Mr. Mounts has alleged sufficient facts showing that lighting burning wax candles is a religious exercise motivated by his sincerely held Jewish beliefs. *See* ECF No. 12 at 5 (describing the significance of lighting burning candles). The more contentious issue is whether the occasional substitution of electric tea lights in place of wax candles constitutes a substantial burden on Mr. Mounts' religion. To unpack this issue it is first necessary to understand the relationship between Mr. Mounts' claim regarding wax candles and his claim regarding correct service times. Mr. Mounts' amended complaint asserts two distinct claims regarding Jewish services: (1) "[d]enial of [c]orrect service times" and (2) "[d]enial of burning candles." ECF No. 12 at 4–5. Magistrate Judge Mix recommended that the RLUIPA claim for denial of correct service times be found moot, but that the RLUIPA claim for denial of burning wax candles should survive summary judgment.

### a. Denial of Correct Service Times in Violation of RLUIPA

Mr. Mounts asserts that Arrowhead "denied [him] correct service times" by denying his requests to hold Jewish services at particular times on Friday and Saturday evenings. *Id.* He stated that the correct service time on Friday ranges from 4:18 p.m. to 8:10 p.m. throughout the year, varying according to the sunset. *Id.* The record indicates three distinct policies that combined to prevent Mr. Mounts from lighting candles at the correct time. First, inmates may light wax candles only under staff supervision in the programs building. ECF No. 12 at 4-5; ECF No. 60-6 at 1-2. Second, Arrowhead holds supervised Jewish services in the programs building only from 5:30 p.m. to 7:30 p.m. on Friday and Saturday. ECF No. 12 at 4; ECF No. 60-8 at 6. Third, all of Arrowhead's programs close at 7:30 p.m. every night to ensure that

inmates are in their cells for a formal count at 8:00 p.m. ECF No. 60 at 2–3; ECF No. 63 at 2. These policies mean that, depending on the time of sunset, the correct service time will occasionally fall outside the prescribed 5:30 p.m. to 7:30 p.m. range, including sometimes after the programs building has closed for the night.

Mr. Mounts conceded that he does not seek to light wax candles during count times. ECF No. 63 at 2. I also agree with Magistrate Judge Mix that Mr. Mounts has not asserted that he should be allowed to light wax candles during lockdowns. I interpret Mr. Mounts' pleadings as requesting merely to light candles before the 5:30 p.m. Arrowhead start time for Jewish services and after the 8:00 p.m. formal count time, according to changes in the correct service time throughout the year. *Id*.

Defendants responded by agreeing to accommodate Mr. Mounts' service times. They made a generalized statement in their motion for summary judgment that "Arrowhead determined that they would accommodate Plaintiff's requests to light candles at different times throughout the year." ECF No. 60 at 10. Defendants assert that Mr. Mounts' claims are therefore moot. Yet defendants do not specify *which* of Mr. Mounts' claims are moot, nor do they acknowledge that Mr. Mounts has made two separate claims regarding (1) correct service times and (2) burning wax candles. Magistrate Judge Mix found that defendants' promise mooted the claim regarding correct service times but not the claim regarding wax candles. Neither party objected to the finding that the claim regarding correct service times is moot, and I find no clear error with Magistrate Judge Mix's reasoning.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and grant the motion for summary judgment related to Mr. Mounts' RLUIPA claim for denial of religious services.

b.  Denial of Wax Candles in Violation of RLUIPA

Mr. Mounts also separately asserts a claim for "[d]enial of burning candles." ECF No. 12 at 5. The record is unclear about the extent to which this is indeed a factually separate claim, but in reading the evidence in the light most favorable to the nonmoving party I find that it is properly a separate claim.

Mr. Mounts expressly stated that he was only denied wax candles as an incidental result of being denied correct service times. *Id.* ("The fact that these services are at the wrong times is why the candles are denied… [sic] It's not that [inmates] canno[t] have them, nor that [Lt. Olguin] refuses to get them . . . ."). Given that the claim regarding service times is moot, it would thus superficially seem that the claim regarding wax candles is also moot. However, Magistrate Judge Mix pointed out two additional facts that indicate that the claim regarding wax candles is distinct from the claim regarding service times.

First, Mr. Mounts has conveyed that lighting wax candles is more important to him than holding the service at the correct time. He indicated that when the correct time falls during count time, he would prefer to hold the service either earlier or later so that he can light wax candles rather than use electric tea lights. ECF No. 63 at 2 ("Plaintiff has not ever requested the candle lightings he's asking for during a [c]ount. He specifically has tried to either light early on Fridays where the correct time is during count . . . or later on Saturday . . . ."). This would require defendants to accommodate not only the correct service times but also service times other than those required by his religion. It seems likely that defendants' promise "to accommodate Plaintiff's requests to light candles at different times throughout the year" would include accommodation of such alternative service times when so required. However, defendants have not expressly addressed this possibility.

Magistrate Judge Mix conducted a RLUIPA analysis and found that defendant's failure to address Mr. Mounts' proposed alternative was sufficient to preclude summary judgment. I agree. Under RLUIPA, denial of wax candles is a substantial burden on Mr. Mounts' religion in that it "prevents participation in conduct motivation by a sincerely held religious belief." *Abdulhaseeb*, 600 F.3d at 1315. Defendants have shown a compelling governmental security interest in denying this request when it conflicts with count times or lockdowns. ECF No. 60-1 at 2–3; ECF No. 60-5 at 3. But defendants did not address whether they have used the least restrictive means to further their security interest—namely whether they could further that security interest by allowing Mr. Mounts to light wax candles at times other than those required by his religion when the correct time falls during count time. In their motion to amend, defendants claim that this omission was unintentional and that they did not address it because "Mr. Mounts did not directly allege or discuss this alternative proposal in his complaint." ECF No. 87 at 5–6. While I appreciate that Mr. Mounts' pleadings were not explicit regarding this request, it does not change the fact that defendants failed to address it. Summary judgment is therefore precluded.

Second, Magistrate Judge Mix discerned some confusion among prison staff about when electric tea lights should be used. Magistrate Judge Mix cited to Mr. Mounts' claim that on "Chanukah Friday night last December . . . [inmates] were told to simply light an electric candle at the correct time on Friday ([c]orrect time was around 4:20pm)." ECF No. 49 at 6. She also cited to Mr. Mounts' amended complaint, which asserted that "Lt. Olguin has stated that he was instructed that [inmates] must solely use these 'electric tea lights' if [they] expect to light the candles at the correct times." ECF No. 12 at 5. Additionally, Lt. Olguin has stated that "[h]eadquarters explained to [him] that tea lights are an appropriate substitute for candles with

open flames, and a newer court order specifically said tea lights could be used to substitute for open flames when the ceremony times conflicted with count times." ECF No. 63-3 at 2.

It is difficult to ascertain the extent of staff's confusion given the inherent overlap between the wax candle claim and the correct service times claim and given the ambiguity of the record. On the one hand, these facts may be more indication that defendants' denial of wax candles was merely incidental to defendants' denial of correct service times. If that is the case, then defendants' promise to accommodate the correct service times would render these allegations moot. On the other hand, these facts could indicate a greater confusion about the significance of wax candles. It may be that the reason that prison staff denied Mr. Mounts the correct service times by refusing to escort him to (or supervise him in) the programs building is that they saw no significant difference between wax candles and electric tea lights. If that is the case, then defendants' promise to accommodate the correct service times would not necessarily render these allegations moot. For example, defendants might accommodate Mr. Mounts' correct service times by escorting him to the programs building, but once there defendants might still refuse him wax candles. It is true, as discussed above, that Mr. Mounts has indicated that it is the former interpretation that is correct. Yet Mr. Mounts' pleadings are somewhat contradictory, and defendants provide no clarification. Reading these facts in the light most favorable to Mr. Mounts, the nonmoving party, I find genuine dispute over the material fact of whether defendants believe that electric tea lights are an equal alternative to wax candles.

Although defendants have agreed to accommodate Mr. Mounts' correct service times, they have not sufficiently made clear (1) whether they will accommodate alternative service times when the correct times fall during prisoner counts or (2) whether they acknowledge that electric tea lights will be used only when neither the correct service times nor alternative services

times can be accommodated (such as during lockdowns).  Accordingly, I adopt the recommendation of Magistrate Judge Mix and deny the motion for summary judgment related to Mr. Mounts' RLUIPA claim for injunctive relief for denial of wax candles.

### 3.    Denial of Wax Candles in Violation of the First Amendment

Finally, defendants object to Magistrate Judge Mix's finding that there exists a genuine issue of material fact regarding Mr. Mounts' First Amendment claim for injunctive relief against defendants in their official capacities for wax candles.  The First Amendment claim for wax candles presents a similar issue as the RLUIPA claim for the same.  Defendants do not expressly address this claim in their motion for summary judgment or in their reply in support of that motion, apparently because they assumed that their promise to accommodate Mr. Mounts' service times subsumed the claim for wax candles.  This may have been a reasonable assumption, but—as with the RLUIPA claim—it resulted in omissions that necessarily preclude summary judgment.  Here, Magistrate Judge Mix found that defendants' failure to analyze the penological interests using the *Turner* factors precluded summary judgment.  *See Kay*, 500 F.3d at 1218–19 (citing *Turner*, 482 U.S. at 89–91).  I agree.

Accordingly, I adopt the recommendation of Magistrate Judge Mix and deny the motion for summary judgment related to Mr. Mounts' claim First Amendment claim for denial of wax candles.

## ORDER

For the reasons above, the magistrate judge's July 10, 2019 recommendation, ECF No. 86, is ADOPTED. Defendants' motion for summary judgment, ECF No. 60, is GRANTED in part and DENIED in part. The motion is DENIED as to:

(1) Plaintiff's RLUIPA claim seeking injunctive relief against defendants in their official capacities regarding wax candles (Claim Two); and

(2) Plaintiff's First Amendment claim seeking injunctive relief against defendants in their official capacities regarding wax candles (Claim Two).

(3) Plaintiff's Fourteenth Amendment due process claim seeking damages against Defendant Olguin in his individual capacity for denial of religious services (Claim Four);

The motion is otherwise GRANTED. Accordingly, the Court:

(1) Dismisses with prejudice plaintiff's First Amendment claim for injunctive relief for denial of correct service times (Claim One);

(2) Dismisses without prejudice plaintiff's First Amendment claim for damages against for denial of correct service times (Claim One);

(3) Dismisses without prejudice plaintiff's RLUIPA claim for denial of correct service times (Claim One);

(4) Dismisses with prejudice plaintiff's First Amendment claim for injunctive relief against defendants in their individual capacities for denial of wax candles (Claim Two);

(5) Dismisses without prejudice plaintiff's First Amendment claim for damages for denial of wax candles (Claim Two);

(6) Dismisses with prejudice plaintiff's RLUIPA claims for denial of a fedora and denial of cell access to tefillin (Claim Three);

(7) Dismisses without prejudice plaintiff's RLUIPA claims for denial of a gartel, denial of a dreidel, and denial of challah (Claim Three);

(8) Dismisses with prejudice plaintiff's First Amendment claim for damages for denial of a gartel, denial of a dreidel, and denial of cell access to tefillin (Claim Three);

(9) Dismisses without prejudice plaintiff's First Amendment claim for injunctive relief for denial of a gartel and a dreidel (Claim Three);

(10) Dismisses without prejudice plaintiff's First Amendment claims for denial of challah (Claim Three);

(11) Dismisses with prejudice plaintiff's First Amendment claims for denial of a fedora and denial of cell access to tefillin (Claim Three);

(12) Dismisses without prejudice plaintiff's First Amendment claim for damages for denial of religious services (Claim Four).

DATED this 19th day of September, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge